UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION
IN ADMIRALTY

CENTENNIAL BANK, an Arkansas state bank, as successor in interest to Union Bank & Trust, a Virginia state bank, as successor in interest by merger with Xenith Bank d/b/a Shore Premier Finance ISAOA,

 Plaintiff,

v.

Case No. 3:20cv5385-TKW-HTC

S/V LIMITLESS, Hull Identification Number: RACA4093G112, her masts, towers, boilers, cables, engines, machinery, sails, rigging, auxiliary boats, etc., *in rem*,

 Defendant.
_____/

QCS MARINE SOLUTIONS, LLC, d/b/a QCS Marine Electronics,

 Intervening Plaintiff,

v.

S/V LIMITLESS, Hull Identification Number: RACA4093G112, her masts, towers, boilers, cables, engines, machinery, sails, rigging, auxiliary boats, etc., *in rem*, and JASON A. GILKEY, *in personam*,

 Defendants.
_____/

## ORDER

This matter is before the Court on Intervening Plaintiff QCS Marine Solutions, LLC's ("QCS") Motion for Permission to Conduct Marine Survey of the S/V Limitless. ECF Doc. 42. Upon consideration, and for the reasons set forth below, the motion will be GRANTED.

In its motion, QCS requests permission to conduct a marine survey of the S/V Limitless prior to the sale of the vessel, which is currently scheduled for August 25, 2020. *Id.* QCS asserts that a marine survey is necessary to rebut Defendant Jason A. Gilkey's ("Gilkey") allegations that QCS caused damage to the S/V Limitless and did not make repairs or improvements to the S/V Limitless "appropriately or to code." *Id.* at 3. To conduct the survey, a marine surveyor would need to board and inspect the S/V Limitless, but the S/V Limitless would not undergo any movement or repairs. *Id.* at 4. Because the United States Marshals Service ("USMS") has custody of the S/V Limitless via a substitute custodian, QCS is seeking permission from this Court to conduct the survey. *Id*.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 34, a party may request permission to enter onto "property possessed or controlled by the responding party, so that the requesting party may . . . survey . . . any designated object or operation on it." Fed.

R. Civ. P. 34(a)(2).  "Granting or denying a request under rule 34 is a matter within the trial court's discretion, and it will be reversed only if the action taken was improvident and affected substantial rights."  *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 907 (4th Cir. 1978) (quoting *Tiedman v. American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958)).

Gilkey filed an objection to the motion on the grounds that QCS "did not possess the required state electrical contractors license at the time the alleged repairs or improvements were made."  ECF Doc. 48.  Gilkey argues that because QCS "was unlicensed at the time of the alleged repairs and improvements, a survey now would prove immaterial."  *Id.*  The Court finds that Gilkey's objections go to the merits of the claims, which are not at issue at this time.  Rather, Rule 26 requires this Court to determine whether QCS's request for permission to conduct a survey of the S/V Limitless is relevant to "any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The Court finds that the survey is relevant to QCS's maritime lien against the S/V Limitless and breach of contract claim (ECF Doc. 18) against Gilkey, as well as Gilkey's counterclaim against QCS (ECF Doc. 30).  *See* Fed. R. Civ. P. 26(b) advisory committee's note to 1983 amendment (explaining that "the court must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case").  Thus, the objection is overruled.

Plaintiff Centennial Bank also filed a response to the motion. While the Bank does not object to the survey, the Bank does seek to limit the scope of the survey by prohibiting QCS from using the survey to establish a minimum bid at the sale of the S/V Limitless. ECF Doc. 49. Additionally, Centennial Bank also requests that the Court require all who board the S/V Limitless to provide proof of insurance naming the USMS and the substitute custodian as named insureds on the certificate of insurance. *Id.* at 4.

The Court will grant the Bank's request as it relates to the prohibition on using the survey to establish a minimum bid on the sale of the S/V Limitless.[1] However, the Court denies this request as it relates to requiring all who board the S/V Limitless to provide proof of insurance naming the custodian and the USMS as named insureds on the certificate of insurance. In support of this request, Centennial Bank cites Local Admiralty Rule E(10)(c)–(d). *Id.* Subsection (c) concerns arrangements for a change in custody, and subsection (d) details the insurance requirements for the USMS and parties that apply for arrest, attachment, or a change in custody. *See* Local Admiralty Rule E(10)(c)–(d). However, because no change in custody will take place during the survey of the S/V Limitless, the Court finds that neither subsection (c) nor (d) is applicable.

---

[1] As requested by both QCS and Centennial Bank, the Court will also require all persons attending the survey to execute a waiver of liability prior to boarding the S/V Limitless.

Case No. 3:20cv5385-TKW-HTC

Accordingly, it is ORDERED that:

1. Intervening Plaintiff QCS's motion for permission to conduct a marine survey of the S/V Limitless at ECF Doc. 42 is GRANTED.

2. The marine survey conducted by QCS shall conclude prior to August 25, 2020 and shall be scheduled without interfering with efforts by the substitute custodian to show the vessel to potential buyers in advance of the sale.

3. QCS shall make arrangements for the survey, and attendance of the marine surveyor at the S/V Limitless shall be coordinated with the substitute custodian.

4. One representative of QCS and an attorney for QCS may attend the survey.

5. All people who attend the survey shall execute a waiver of liability form prior to boarding the S/V Limitless.

6. The survey shall be conducted without opening or operating machinery, but if power is available, electronics may be turned on to prove operation.

7. QCS shall be responsible for payment for the services of the marine surveyor and shall be responsible for payment of any costs incurred by the substitute custodian in attending the survey.

8. Defendant Jason A. Gilkey may independently arrange for a marine survey on his behalf, but the survey must be completed prior to the sale of the S/V

Limitless on August 25, 2020. Gilkey must adhere to the requirements set forth herein, except that Gilkey shall be responsible for all costs of any survey that he arranges, including any costs incurred by the substitute custodian in attending his survey.

9. Any marine survey arranged by Gilkey shall be conducted separately from, not concurrently with, QCS's marine survey.

10. QCS shall not use the marine survey to establish a minimum bid at the sale of the S/V Limitless.

DONE AND ORDERED this 10th day of August, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:20cv5385-TKW-HTC